No. 92–5184. WALKER *v.* UNITED STATES;
No. 92–5188. GUERRA *v.* UNITED STATES; and

No. 92–5257. Bouvier v. United States. C. A. 5th Cir. Certiorari denied. Reported below: 960 F. 2d 409.

Justice White, with whom Justice Blackmun joins, dissenting.

These three petitions raise a single issue: Whether the weight of waste products that are the byproduct of a drug manufacturing process and that contain a detectable amount of a controlled substance should be used for sentencing purposes under §2D1.1 of the United States Sentencing Commission's Guidelines Manual (1990). The product in question was a toxic liquid substance consisting of phenylacetone and a small percentage of methamphetamine. At Joe Guerra's and Wayne Walker's trial, a chemist testified that the liquid was probably a waste product left over from the methamphetamine manufacturing process. Robert Bouvier pleaded guilty and, at his sentencing hearing, the Government stipulated that over 95 percent of the weight of those liquids was solvents. Petitioners contend that their sentences should not have been based on the total weight of the liquid. The Fifth Circuit rejected their argument. 960 F. 2d 409 (1992).

As I noted in *Fowner* v. *United States*, 504 U. S. 933 (1992) (opinion, dissenting from denial of certiorari), the Courts of Appeals are in serious disagreement over this issue. Since that time, the Second, Third, and Ninth Circuits have joined the ranks of the Sixth and Eleventh Circuits in adopting the approach advocated by petitioners. See *United States* v. *Rodriguez*, 975 F. 2d 999 (CA3 1992); *United States* v. *Robins*, 967 F. 2d 1387 (CA9 1992); *United States* v. *Salgado-Molina*, 967 F. 2d 27 (CA2 1992); *United States* v. *Acosta*, 963 F. 2d 551 (CA2 1992). In contrast, this case confirms the Fifth Circuit's alignment with the First and Tenth Circuits' position. See *United States* v. *Lopez-Gil*, 965 F. 2d 1124 (CA1 1992); *United States* v. *Sherrod*, 964 F. 2d 1501 (CA5 1992); *United States* v. *Dorrough*, 927 F. 2d 498 (CA10 1991).

Respondent acknowledges the existence of this split, but points to the actions of this Court as evidence that plenary consideration is unwarranted. Indeed, in the last Term alone, we have declined to review this question on three separate occasions. See *Fowner, supra; Beltran-Felix* v. *United States*, 502 U. S. 1065 (1992); *Mahecha-Onofre* v. *United States*, 502 U. S. 1009 (1991).

I believe it is high time to resolve this enduring conflict that makes a defendant's sentence depend upon the circuit in which his or her case is tried. I therefore would grant certiorari.